UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-22279-CIV-GARBER

TANAKA CHARLES,

    Plaintiff,

v.

AFSCME LOCAL 121,
AFSCME COUNCIL 79,

    Defendants,
_____/

## OMNIBUS ORDER

THIS CAUSE is before the Court on defendant AFSCME Local 121's Second Motion to Dismiss [DE 39] and defendant AFSCME Council 79's Second Motion to Dismiss [DE 40]. The Court has received the concomitant responses and replies as well as held a hearing on the Motions.

### Background

This lawsuit arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. Plaintiff is an employee of Miami-Dade County. She had worked in the Department of Human Services and was a member of the affiliated labor organization, AFSCME Local 199. Plaintiff served on the executive board of the AFSCME Local 199 and as a union steward for five years. In November 2007, she was transferred to the Water and Sewer Department. By virtue of that transfer, she became a member of the bargaining unit represented by Defendant, AFSCME Local 121 ("Local 121"). Co-Defendant, AFSCME Council 79 ("Council 79") governs both Local 121 and 199. Ms. Charles completed the membership process to join Local 121 in March, 2008.

One of the alleged discriminatory acts occurred on January 30, 2008 when Plaintiff attempted to attend a Local 121 meeting, but was denied entry. Plaintiff claims that she was denied entry

because she is black. She alleges that all of the meeting attendees were white. Local 121 contends she was denied entry because she had not yet paid her dues. However, Plaintiff argues, that pursuant to the union's bylaws, she was permitted to attend the meeting even though she had not paid her dues because she was part of the same bargaining unit.

On April 4, 2008, Plaintiff filed a charge of discrimination with the EEOC against the Local 121 regarding the incident. The EEOC charge stated:

> 1. During my tenure as an Office Support Specialist II, I was asked to leave a union meeting on January 30, 2008, because of my race, black. All attendees at the meeting were white.
> 2. The respondent told me to leave the meeting because I was not a union member,
> 3. I believe that I have been discriminated against because of my race, black, in violation of Title VII of the Civil Rights Act of 1964, as amended.

DE 39 at Exh. 4. The EEOC issued a right to sue letter on April 30, 2009. Plaintiff alleges that following the filing of the charge, Jay Staley, president of Local 121, and Local 121 retaliated against her by having the police physically remove her from meetings, suspending her membership, distributing inflammatory and defamatory emails against her, accusing her of committing fraud, and other actions. Plaintiff was removed from another union meeting in May 2008, in which Jay Staley denied her entry and then called the police to physically remove her. By this time, Plaintiff had paid her dues. In May and December of 2008, Jay Staley suspended Plaintiff's union membership, however, both decisions were reversed.

On June 27, 2008, Plaintiff filed a second charge of discrimination against the Local 121 alleging that she was retaliated against and harassed following the filing of a sex discrimination charge and the race charge.[1] The second EEOC charge stated:

---

[1] In the Amended Complaint, Ms. Charles also alleges that she was sexually harassed by the Union's President and confronted him about it. She filed a sexual harassment charge with the EEOC on February 7, 2008. The EEOC is still investigating the charge. That charge only relates to this action as far as Charles's retaliation EEOC charge is based upon it.

> 1. During my tenure as an Office Support Specialist II, I was harassed and retaliated against after I filed my previous sex discrimination charge (EEOC No.: 510-2008-02056) and race discrimination charge (EEOC No.:510-2008-02769) against the Respondent.
> 2. The Respondent failed to address my concerns in a timely fashion.
> 3. I believe that I have been retaliated against in Violation of Title VII of the Civil Rights Act of 1964, as amended and specifically section 704(a) prohibiting retaliation.

DE 39 at Exh. 7.

Based on the two charges filed with the EEOC, Plaintiff filed a three count Amended Complaint, alleging that the Defendants 1) violated Title VII by discriminating against Plaintiff based on her race and color, and intentionally denied her union membership and employment opportunities, 2) subjected her to a hostile and intimidating work environment, and 3) retaliated against her for reporting and invoking her Title VII rights by depriving her of employment opportunities, such as union membership, monetary reimbursements, and has otherwise affected her employment status.

<u>Standard</u>

Local 121 claims that the Amended Complaint should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Council 79 claims that the Amended Complaint should be dismissed pursuant to Rule 12(b)(6). A motion to dismiss under Rule 12(b)(1) may assert either a factual attack or a facial attack to jurisdiction. *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990). A factual attack challenges "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Id*. at 1529 (internal citations and quotation marks omitted). In a facial attack, the Court examines whether the complaint has sufficiently alleged subject matter jurisdiction. *McElmurray v. Consol. Gov't of Augusta-Richmond County*, 501 F.3d 1244, 1251. All factual allegations must be taken as true and in the light most favorable to plaintiff. *See Id.*

For a 12(b)(6) claim, the Court also construes the allegations in the light most favorable to the plaintiff and all factual allegations must be taken as true. *Erickson v. Pardus*, 551 U.S. 89 (2007). Federal Rule of Civil Procedure 8 allows for a liberal pleading requirement. It does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). However, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 US 544, 555 (2007) (citations omitted). The Supreme Court more recently explained, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1940 (2009). "A complaint must state a plausible claim for relief, and '[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 129 S.Ct. at 1949).

## Local 121's Motion to Dismiss

Local 121 argues that the Amended Complaint should be dismissed because Plaintiff has failed to exhaust her administrative remedies. Regarding Counts I (violation based on race/color) and II (hostile and intimidating work environment), Local 121 contends that they should be dismissed because the allegations are beyond the scope of the acts of discrimination described in the two EEOC charges. The acts of discrimination described in the EEOC charge are 1) the claim that Plaintiff was asked to leave the January union meeting because of her race and 2) that Local 121 retaliated against Plaintiff because of her previous charges against it. Regarding the first EEOC charge, Local 121

argues that none of the counts set forth in the Amended Complaint allege that it violated Title VII by refusing to allow Plaintiff to attend any meeting. Rather, that the counts go beyond this single discriminatory act. For instance, Local 121 claims that Plaintiff cannot point to anything in her EEOC charge that establishes a hostile work environment, or anyway that she was deprived of employment opportunities. Regarding Plaintiff's second EEOC charge, Local 121 contends that it lacks the necessary specificity and detail to successfully maintain this lawsuit and cannot serve as the basis for any counts in the Amended Complaint.

Regarding Count III (retaliation), Local 121 moves for dismissal, or, in the alternative, a more definite statement. Local 121 argues that it should be dismissed because it fails to give it notice as to what the claim is and grounds upon which it rests. Local 121 contends that Plaintiff does not explain how Local 121 adversely affected her employment, and that she appears to allege the cause of action against it as if it were her employer, which it is not.

Plaintiff argues that the Counts alleged in the Amended Complaint all arise from the ejection from the union meeting. She contends that the causes of actions are mere extensions of that removal. Plaintiff states that a more definite statement regarding "employment opportunities" is not necessary because she alleges that as a result of Local 121's actions she has lost "annual leave time, has not been reimbursed for expenses incurred during union conventions, has been denied membership privileges, and has otherwise suffered emotional pain and humiliation" and other adverse employment actions. *See* Amended Complaint at ¶ 19, 27.

Before bringing a Title VII action in federal court, a plaintiff must exhaust her administrative remedies with the EEOC. *See Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 460 (5th Cir. 1970).[2]

---

[2]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions handed down by the former Fifth Circuit before October 1, 1981.

This is done by filing a charge with the EEOC and then obtaining a right to sue letter. *Id*.; 42 U.S.C. § 2000e-5(f)(1). A charge not made within 300 days of the event becomes time barred. 42 U.S.C. § 2000e-5(e)(1). The scope of the judicial complaint is limited to the allegations made in the charge of discrimination and claims that "can be reasonably expected to grow out of the charge of discrimination." *Gregory v. Ga. Dept. of Human Res.*, 355 F.3d 1277, 1280 (11th Cir. 2004) (internal quotation marks and citations omitted). A claim can be reasonably expected to grow out of the discrimination charge if it is "like, related to, or grew out of, the allegations contained in her EEOC charge." *Id.* The Eleventh Circuit "has noted that judicial claims are allowed if they 'amplify, clarify, or more clearly focus' the allegations in the EEOC complaint, but has cautioned that allegations of new acts of discrimination are inappropriate." *Id.* at 1279-80 (quoting *Wu v. Thomas*, 863 F.2d 1543, 1547 (11th Cir. 1989)). "The purpose of this exhaustion requirement 'is that the [EEOC] should have the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts.'" *Gregory v. Georgia Dept. of Human Resources*, 355 F.3d 1277, 1279 (11th Cir. 2004) (quoting *Evans v. U.S. Pipe & Foundry Co.,* 696 F.2d 925, 929 (11th Cir.1983)).

*Count I*

It appears that the basis for Count I is Plaintiff's first EEOC charge in which she claims she was asked to leave a union meeting because of her race. While a civil cause of action can clarify or focus an EEOC charge, the Plaintiff cannot allege new acts of discrimination. Count I of the Amended Complaint alleges the following:

> 29. That due to Plaintiff's Race and color, African/Black, she has been intentionally denied union membership and employment opportunities, which constitute adverse personnel practices.
> 30. She has been union [sic] membership & representation; has lost annual leave time; monetary reimbursement and has otherwise been singled out.

DE 34-1 at ¶¶ 29-30. These allegations go beyond the scope of the allegation contained in the EEOC charge and are not reasonably related to the solitary act of being asked to leave a meeting. *See Minix v. Jeld-Wen, Inc.*, 237 Fed. Appx. 578, 588 (11th Cir. 2007); *see also Cheek v. Western and Southern Life Ins. Co.*, 31 F.3d 497, 503 (7th Cir.1994) ("When an EEOC charge alleges a particular theory of discrimination, allegations of a different type of discrimination in a subsequent complaint are not reasonably related to them unless the allegations in the complaint can be reasonably inferred from the facts alleged in the charge."). Because Count I alleges acts of discrimination by Local 121 that are far beyond the scope of the EEOC charge, it is hereby DISMISSED without prejudice. Plaintiff, however, has leave to amend Count I.

*Count II*

Next, Local 121 also argues that Count II of Plaintiff's Amended Complaint, Hostile and Intimidating Work Environment, should be dismissed because the Plaintiff has failed to exhaust her administrative remedies. Local 121 contends that Plaintiff's failure to state a claim of a hostile work environment in her original charge with the EEOC precludes her from raising the issue in a civil lawsuit. Also, in its Reply memorandum, Local 121 makes note of the fact that some courts have ruled that labor unions cannot be held liable for a hostile or intimidating work environment.

Courts are split on whether a labor union can be held liable for a hostile work environment claim by a member in the same way that employers are held liable. It does not appear that the Eleventh Circuit has decided the issue, and the Court has not been presented with Eleventh Circuit case law on the topic. Therefore, it is necessary to look at sister courts.

Courts in other circuits have interpreted different parts of 42 U.S.C. § 2000e-2 in formulating their conclusions regarding the proper application of the hostile work environment cause of action. The Eighth Circuit has ruled that unions can be liable for a hostile work environment claim:

> Although it is certain that a union may be liable under Title VII if it "cause[d] or attempt[ed] to cause an employer to discriminate against an individual in violation" of the Act, 42 U.S.C. § 2000e-2(c)(3), Title VII also states, "It shall be an unlawful employment practice for a labor organization-(1) to exclude or to expel from its membership, *or otherwise to discriminate against,* any individual because of his race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(c)(1) (emphasis ours). Thus the plain language of the statute suggests that unions may be liable for any discrimination, including a claim of hostile work environment.

*Dowd v. United Steelworkers of America, Local No. 286*, 253 F.3d 1093, 1102 (8th Cir. 2001).

Courts that have taken the opposite position primarily focus on the language that refers to employers, rather than the language regarding unions. Hostile work environment claims emerge from the language of 42 U.S.C. § 2000e-2(a)(1), which specifically attaches liability to employers' discriminatory actions. *Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 116 (2002). "The hostile work environment theory grows out of 42 U.S.C. § 2000e-2(a)(1)'s language that employers may not discriminate in regard to any of the 'terms, conditions, or privileges' of employment. There is no such parallel language in the provisions of Title VII applicable to labor organizations." *Kasper v. City of Middletown*, 352 F.Supp.2d 216, 233-34 (D.Conn. 2005) (citing *Nat'l R.R. Passenger Corp.* at 116); *see also Hout v. Mansfield*, 550 F.Supp.2d 701 742 (N.D. Ohio 2008). This Court is persuaded by the rationale behind the proposition that unions cannot be held liable in the same way as an employer. Therefore, as a matter of law, Count II is properly dismissed with prejudice.

Furthermore, even if Count II was proper as a matter of law, Plaintiff has not exhausted her administrative remedies regarding it. *See Gregory v. Ga. Dept. of Human Res.*, 355 F.3d 1277, 1279 (11th Cir. 2004). Neither charge filed with the EEOC contains a claim of a hostile or intimidating work environment. While a civil complaint does not need to match an EEOC charge verbatim, the allegations in a complaint must at least clarify the EEOC charge. *See Sanchez.*, 431 F.2d at 465 ("[T]he specific words of the charge of discrimination need not presage with literary exactitude the judicial pleadings which may follow."). Here, a hostile and intimidating work environment claim goes

beyond the scope of the EEOC charge. *See Lieberman v. Miami-Dade County*, No.99-1714-CIV-KING, 2000 WL 1717649, *4 (S.D.Fla. Aug. 16, 2000). "An aggrieved employee may not complain to the EEOC of only certain instances of discrimination, and then seek judicial relief for different instances of discrimination." *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir. 1992); *see also Lieberman*, 2000 WL 1717649, *4. The allegations should flow from the charge such that the EEOC would have uncovered them during its investigation. Neither charge mentions a hostile *work* environment, they refer solely to the union. *See Gregory*, 355 F.3d at 1280.

Furthermore, in *Lieberman v. Miami-Dade County*, Judge King stated that a certain level of specificity in the EEOC charge was necessary to substantiate claims in a civil action. *Lieberman*, 2000 WL 1717649, *3-*4; *see also Gonzalez v. Florida Dept. of Highway Safety and Motor Vehicles Div. of Fla. Highway Patrol*, 237 F.Supp.2d 1338, 1369 (S.D. Fla. 2002). Judge King found that an EEOC charge that stated that "'[i]n regard to the discrimination and significant loss of salary and benefits, the Department Head and his subordinate staff created a hostile work environment through constant and invidious harassment'" was not specific enough to "have warned the County of the harassment and given the EEOC an opportunity to provide administrative relief." *Lieberman*, 2000 WL 1717649, *3. Accordingly, Count II is properly dismissed on these grounds as well.

*Count III*

Local 121 moves the Court to dismiss Count III, Retaliation, in its entirety or, in the alternative, for a more definite statement. Local 121 contends that Count III should be dismissed because it fails to give it fair notice of what the claim is and the grounds up on which it rests. *See* DE 39 at 11. Specifically, Plaintiff does not explain how Local 121, as a union, adversely affected her employment. *Id*. Defendant correctly notes that exhaustion is not required for post-charge retaliation claims that grow "'out of an administrative charge that is properly before the court.'" *Baker v. Buckeye Cellulose Corp.*, 856 F.2d 167, 168 (11th Cir. 1988) (quoting *Gupta v. East Texas Univ.*,

654 F.2d 411 (5th Cir. 1981). Because exhaustion is not required, Plaintiff can make allegations that go beyond the EEOC charge. While dismissal is not required at this time, a more definite statement, on the other hand, would clarify what claims Plaintiff has against Local 121. A party may move for a more definite statement if a pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). A motion for a more definite statement under Rule 12(e) is appropriate where "a pleading fails to specify the allegations in a manner that provides sufficient notice." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514 (2002); s*ee also Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1280 (11th Cir. 2006). In her Amended Complaint, Plaintiff states that the "retaliation has deprived Plaintiff of employment opportunities, such as union membership, monetary reimbursements, and has otherwise adversely affected her employment status." DE 34-1 at ¶ 41.

As previously discussed, the union is not liable for acts of the employer. In *Yerdon v. Teamsters Local 1149*, the plaintiff alleged that after she filed internal union charges against the individual defendants, the individuals and the union "retaliated against her by refusing to sign her paychecks, altering her salary and vacation and terminating her employment." 886 F. Supp. 226, 231 (N.D. N.Y. 1995). Though she was employed by the union, the union did not qualify as an employer under the Title VII. Therefore, the court allowed her to sue the union as a labor organization only. The district court gave leave to the plaintiff to amend her complaint "to reallege with specificity any claims she had against [the union] in its capacity as [a] union and in her capacity as union member." *Id*. The district court noted that the plaintiff's allegations that referred to the terms and conditions of her employment could not form the basis of the complaint against the defendants as a labor organization. *Id*. at 232. Similarly, other than denial of union membership, Plaintiff has failed to allege acts of retaliation that Local 121 committed in its capacity of as a *union*. Accordingly, to the

extent that Count III contains allegations against the Defendants as employers, it is DISMISSED without prejudice. Plaintiff has leave to reallege any claims she has against the Union in its capacity as a union.

### 79's Motion to Dismiss

Council 79 seeks dismissal for the following reasons: 1) it was never identified as a respondent in either of Plaintiff's two EEOC charges, and therefore is not a proper party; 2) Plaintiff has failed to state any actions of retaliation committed by Council 79; 3) it is only referenced in the Amended Complaint in the style of the case, the preface, in Paragraph 1 describing Council 79 as a "labor organization, and in Paragraph 4 which alleges that "on information and belief Council 79 governs both Local 121 and Local 199;"[3] and 4) because it was not mentioned in either charge as a respondent or in reference to its actions, Plaintiff's claim is time barred.

Plaintiff contends that the Local 121 is an agent of Council 79, and therefore is an appropriate party as the Amended Complaint pleads sufficient facts to give Council 79 fair notice of the claim and the grounds upon which they rest. Plaintiff argues that dismissal would not be appropriate at this time as more analysis is necessary to determine whether Local 121 was an agent of Council 79.

Generally, a civil action pursuant to Title VII can only be brought against the party named in the EEOC charge. 42 U.S.C. § 2000e-5(f); *Virgo v. Riviera Beach Associates, Ltd.,* 30 F.3d 1350, 1358 (11th Cir. 1994). There are two narrow exceptions to the requirement that each defendant be specifically named in the EEOC charge: (1) where the body of the charge contains an informal

---

[3] The Court notes that Council 79 is also referenced in Paragraph 5 of the Amended Complaint which states that "Local 121 and Council 79 functions and operates [sic] under the auspices of AFSCME head-quartered in Washington D.C."

reference to the defendant, or (2) where "sufficient identity of interest" between the named respondent and the unnamed defendant exists, such that Title VII's intent to provide the defendant with notice and the EEOC an opportunity to attempt conciliation is satisfied. *Hammer v. Hillsborough County Through Bd. of County Com'rs*, 927 F.Supp. 1540, 1544 (M.D.Fla. 1996). The Eleventh Circuit has recognized that "[t]his naming requirement serves to notify the charged party of the allegations and allows the party an opportunity to participate in conciliation and voluntarily comply with the requirements of Title VII." *Virgo,* 30 F.3d at 1358. However, the naming requirement is liberally construed as lay persons often file the charges and they may not be as well versed in Title VII procedure as an attorney. *Id.*; *Whitson v. Staff Acquisition, Inc.*, 41 F.Supp.2d 1294, 1299 (M.D. Ala. 1999). "Where the purposes of the Act are fulfilled, a party unnamed in the EEOC charge may be subjected to the jurisdiction of federal courts." *Virgo*, 30 F.3d at 1358-59.

In the instant case, the first exception to the naming requirement does not apply as the body of the charge does not contain an informal reference to Local 79. While Plaintiff suggests that the Court look only at whether Local 121 was an agent of Council 79, this is not the correct inquiry. Rather, the Court must determine whether the second exception to the naming requirement applies—whether a sufficient identity of interest exists such that the purpose of the law is satisfied. *Virgo*, 30 F.3d at 1359. The courts do not use a rigid test. The Eleventh Circuit has set out the following factors for consideration to determine whether the purposes of Title VII are met:

> (1) the similarity of interest between the named party and the unnamed party; (2) whether the plaintiff could have ascertained the identity of the unnamed party at the time the EEOC charge was filed; (3) whether the unnamed parties received adequate notice of the charges; (4) whether the unnamed parties had an adequate opportunity to participate in the reconciliation process; and (5) whether the unnamed party actually was prejudiced by its exclusion from the EEOC proceedings. Other factors may be relevant depending on the specific facts of the case.

*Id.* The Plaintiff's Amended Complaint does not shed light on any of these factors. The Court can make a logical assumption that Plaintiff could have been able to ascertain the identity of Local 79 at the time she filed her charges with the EEOC, given her involvement with the union. However, the remaining four factors are completely unknown. Accordingly, the Amended Complaint is DISMISSED without prejudice as to Defendant Council 79, and Plaintiff has leave to allege any facts relating to these factors. The Court hereby

ORDERS the following:

1. Local 121's Second Motion to Dismiss is GRANTED in part and DENIED in part.

2. Council 79's Second Motion to Dismiss is GRANTED.

3. Plaintiff has leave to amend the Amended Complaint. Plaintiff shall file a Second Amended Complaint within twenty (20) days of this Order.

DONE AND ORDERED in Chambers at Miami, Florida this 21st day of May, 2010.

BARRY L. GARBER
U. S. MAGISTRATE JUDGE